*Orphans' Court, Dauphin County, October 16th, 1866.*

## IN THE MATTER OF SHELLY'S ESTATE.

The only ground on which a son can recover wages from his father for services rendered, even though they are rendered after he has attained his majority, is by proving a *contract* by his father, to pay either a stipulated sum, or as much as they were reasonably worth, and the rendition of the services in compliance with the bargain.

Evidence of loose declarations of the father showing an intention to compensate, are insufficient to support such a claim.

BY THE COURT.—The only point worthy of consideration in the auditor's report, arises out of the claims for wages made by Wendel and David M. Shelly, sons of the decedent.    All other questions are correctly ruled.

That a son continuing with and laboring for a father after attaining his majority cannot recover wages as a hireling, without clear and definite proof of contract for payment, is too well settled in this State to admit of a doubt at the present time.    Mere loose expressions of the father of an intention to pay for the services without distinct admissions of a contract, are insufficient.    The price to be paid should probably be proved, or clear declarations that a contract was made to pay so much as the services were reasonably worth.    It should be established by evidence of a *bargain* between the parties, or a request by the father to work, with a promise to pay therefor made to the son, or to another to be communicated to him, followed by proof of the services rendered in compliance with and on the faith of the contract, and of the value of such services.    If made in expectation of a legacy, or under an understanding that they will be remunerated by provisions in a will of the decedent, it would be insufficient.    To apply these rules to the evidence in this case.    The testimony of Peter Jones is entirely insufficient.    He fails to prove any *contract* between the parties, or even admissions of the deceased from which one could be inferred.    It at most proves the expression of an intention to compensate, not that he had bargained so to do.    The evidence of David M. Shelly is very strong, and from it a jury or the auditor might have inferred a contract.    Either might decline to draw such inference, as the bargain was incomplete, no sum being agreed on, and it appearing possible, and perhaps probable, that the parties contemplated remuneration by a testamentary disposition. Under these circumstances had a verdict been rendered by a jury in favor of the estate, I would not have felt myself called on to set it aside; and the same rule applies in all of its force to the finding of an auditor, who is for the most part much more competent to judge, being better acquainted with business, and the rules for weighing evidence, than a jury.    Besides, he must judge of the credibility of the witnesses, and although not legally incompetent, it

might well be inferred that these two brothers were mutually interested to testify for each other. On the whole we do not see sufficient reason for setting aside the report of the auditor, and therefore overrule all of the exceptions.